UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                               Plaintiff,

                                                                                 <u>DECISION AND ORDER</u>

                                                                                 04-CR-6122L

               v.

JUSTIN DIAZ,

                               Defendant.
_____

      The Court referred all pretrial motions to United States Magistrate Judge Jonathan W. Feldman pursuant to 28 U.S.C. § 636(b). Defendant, Justin Diaz ("Diaz"), filed motions to suppress physical evidence and statements he made while in police custody. Diaz had two encounters with the police from which evidence was seized. The first was on July 7, 2004, where the officers removed cocaine from Diaz' pockets and a firearm in the backseat of an automobile where he was riding. In addition, Diaz later made oral statements to the police at the Public Safety Building. The second incident occurred on March 4, 2005, after Diaz fled from an officer. On that occasion, cocain was also in the area where Diaz was arrested.

      Magistrate Judge Feldman conducted a suppression hearing and several members of the Rochester Police Department testified about the incidents. The defendant did not testify. Magistrate Judge Feldman issued a thorough, 13 page Report and Recommendation. In that report, he recommended that all of defendant's motions to suppress be denied. Diaz filed objections to the Report and Recommendation. I have reviewed those objections, as well as Magistrate Judge Feldman 's Report and Recommendation and the transcript of the suppression hearing was prepared and has been available for my review.

I agree with Magistrate Judge Feldman's Report and Recommendation. I adopt it, accept it and concur with his opinion that the motions to suppress should be denied.

Magistrate Judge Feldman set out the factual basis in his Report and Recommendation and that comports with what is in the transcript. There is not much dispute as to the facts. I agree with Magistrate Judge Feldman that it was proper for the officers to arrest Diaz as one of three individuals in an automobile that had been reported stolen. The officers did have probable cause to arrest not only the driver, but the other occupants of the vehicle. The officers had the right to search Diaz incident to the arrest for unauthorized use of a motor vehicle. The firearm was not found on the defendant but was discovered in the backseat near where Diaz was sitting. There is no reason the officers could not have seized that firearm based on the nature of the arrest and the fact that all three occupants had been detained, and that the vehicle most likely would be impounded and moved.

Concerning Diaz' statements at the Public Safety Building, I believe the Government has demonstrated that Diaz did knowingly waive his right to counsel. As Magistrate Judge Feldman discusses, there were two occasions when Diaz did request counsel when the conversation turned to possession of the firearm. But, I credit the testimony of the officers, as did Magistrate Judge Feldman, that at the end of the interview, after the officers had left the interrogation room, Diaz called out repeatedly and yelled for the officers to return because he wanted to tell them the full story. This testimony by the officers was not disputed, and it demonstrates that it was Diaz who wanted to continue the conversation and advise the officers of the circumstances surrounding his possession of the firearms and drugs. I find no basis to suppress those statements.

Concerning the incident on March 4, 2005, I agree that the police conduct was appropriate. When the officer approached Diaz standing in the street, in a known drug area with a plastic bag, a well known hallmark of drug distribution, it was certainly reasonable in approaching Diaz and asking him to stop. Under those circumstances, when Diaz took flight, it was not inappropriate for the officer to follow him and detain him. Such flight is certainly a circumstance justifying further contact and detention of the defendant. Once Diaz was apprehended, after a foot chase, drugs were

- 3 -

found near the spot where he had been wrestled to the ground. Under the circumstances, I agree with Magistrate Judge Feldman that the officer was entitled to take the action he did and not simply stand there and let Diaz run away.

CONCLUSION

I accept and adopt Magistrate Judge Feldman's Report and Recommendation filed January 30, 2006. I reject the objections filed to that Report and Recommendation. Defendant's motions to suppress evidence and statements (Dkt. ## 31, 37) are in all respects denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       May 5, 2006